**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 15 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BAHRAM SHAFFAF, | No. 11-70496 |
| Petitioner, | Agency No. A095-793-487 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 10, 2014**
Pasadena, California

Before: KLEINFELD, GRABER, and OWENS, Circuit Judges.

Petitioner Bahram Shaffaf petitions for review of a final order of removal

issued by the Board of Immigration Appeals (BIA). We have jurisdiction under 8

U.S.C. § 1252, and we deny the petition.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Shaffaf, an Iranian citizen, admits that he entered the United States illegally but argues that the BIA erred in denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

"We review the BIA's denials of asylum, withholding of removal, and CAT relief for substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014) (internal quotation marks omitted). The substantial evidence standard is "extremely deferential: administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Lianhua Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014) (internal quotation marks omitted).

The BIA and the immigration judge found that Shaffaf's testimony and evidence were plagued by multiple inconsistencies, implausible claims, material omissions, and admissions that undermined his credibility. In particular, Shaffaf claimed that he was sentenced by Iranian authorities to a punishment of 2 years' imprisonment and 74 lashes but that, thereafter, his sentence was stayed for 5 years, he was permitted to travel freely, and he was sent to Mexico to compete in a track and field meet on Iran's behalf. Shaffaf also admitted to lying to the FBI when he was arrested, claimed that he had no criminal record in Iran but then

testified to multiple arrests and convictions in Iran, testified to taking frequent business trips but submitted evidence listing himself as unemployed, and claimed to have been abused by the Iranian police but failed to mention this abuse in his application for asylum. Substantial evidence supports the BIA's determination that Shaffaf did not establish his eligibility for asylum, withholding of removal, or CAT relief.

**Petition DENIED.**